# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KEITH O. WHITE,** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **DIPERNA PROVISIONS LLC,** | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Keith O. White (hereinafter "Mr. White" or "Plaintiff") is a resident of the State of Delaware residing at 416 South Erin Avenue, Felton, Delaware, 19943.

2. Diperna Provisions, LLC. (hereinafter "Diperna" or "Defendant") is a foreign limited liability company doing business in Delaware, whose registered agent for service of process is BlumbergExcelsior Corporate Services, Inc., 1013 Centre Road, Suite 403S, Wilmington, Delaware, 19805.

3. Diperna is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII").

4. Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3), 42 U.S.C. §12117(a), and by 28 U.S.C. §1343.

5. Plaintiff is African American.

6. Plaintiff brings this action to redress the wrongs done to him by Defendant's discrimination against him on the basis of his race.

7. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

8. Diperna is liable for the actions of its agents as outlined in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of its agents' actions by Diperna.

9. Mr. White timely submitted a charge of discrimination on the basis of race to the Delaware Department of Labor (hereinafter "the DDOL") and the Equal Employment Opportunity Commission (hereinafter "the EEOC").

10. Mr. White has received a Notice of Right to Sue for the above-referenced charge from the EEOC.

11. Mr. White has timely filed this Complaint within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

12. Mr. White was hired by Diperna on January 13, 2015, as a Delivery Truck Driver.

13. At all times relevant to this Complaint, Mr. White was qualified for his job position and performed his job duties in the same or similar fashion as performed by his non-African American colleagues.

14. During his employment with Defendant, Mr. White did not receive any adverse write ups or otherwise have any disciplinary action taken against him.

15. When he was hired, Mr. White was the only African American employee at the company. Later, in 2019, Defendant hired another African American, Andrew Hunter, who was ultimately wrongfully terminated the same day as Plaintiff was.

16. Mr. White was repeatedly denied wage increases and promotions by Pat Diperna, Caucasian, despite other similarly tenured non-African American employees receiving wage increases and promotions. Two of Defendant's employees told Mr. White that they heard the Defendant's managing officer, Pat Diperna, say that he would "never give that Nigger a raise."

17. On November 1, 2019, a new policy was put into effect requiring all drivers to clean and sweep out their trucks, refuel them and return them to the business's operations location at the end of each shift.

18. Though the policy was to apply to all drivers, only Mr. White and Mr. Hunter, the two African American employees were required to abide by the policy.

All of the non-African American delivery truck drivers were permitted to take their trucks home with them and were not scrutinized for the cleanliness of their trucks' interiors.

19. Unlike Mr. White, Pat Diperna's son, Anthony Diperna, Caucasian, and Spencer Patton, Caucasian, both truck drivers, were not required to obtain a DOT card nor abide by the aforementioned new policy of November 1, 2019.

20. On February 14, 2020, Mr. White arrived to work and discovered that the garage door at the business's operations location was broken. Mr. White immediately notified Spencer Patton of the damage to the garage door and was instructed to close and lock the door as best he could.

21. Later that same day, February 14, 2020, both Mr. White and Mr. Hunter, the two African American employees, were terminated from their employment, effective immediately. Spencer Patton delivered the news to Mr. White but "could not discuss" the reason for his termination.

22. Mr. White contacted Pat Diperna directly for an explanation for his sudden termination, to which he received no response.

23. After Mr. White filed for unemployment, he learned that he and Mr. Hunter were terminated, allegedly, for causing the broken garage door on February 14, 2020.

24. Mr. White discussed his termination with another former employee, Joshua Forwood, Caucasian, who advised that he had broken the garage door by hitting it with a forklift before February 14, 2020, and that Pat Diperna was aware of the damage and had disciplined Mr. Forwood for it.

25. Before the Unemployment Appeal Board, Denise Diperna, Caucasian, and another managing employee of Defendant, completely changed Defendant's reason for terminating Mr. White. She denied Mr. White was terminated for a broken garage door, but rather alleged he was terminated for being late and keeping trash in his truck. The Board found in favor of Mr. White.

26. None of the similarly situated Caucasian employees had the condition of their work vehicles scrutinized in the manner endured by Plaintiff, and certainly were not terminated for damaging the garage door, despite employee, Joshua Forwood previously admitting to causing the damage. Moreover, the non-African American employees were permitted to take their trucks home with them while the two African American delivery drivers had to return their truck to Defendant's place of business after each shift.

27. The different reasons proffered by Defendant at different times for Mr. White's wrongful termination were pretextual and intended to mask the true reason for Defendant's actions, i.e., discrimination against Mr. White on the basis of his

race, and was in clear violation of the protections afforded Mr. White under Title VII, and 42 U.S.C. §1981.

28. Defendant's wrongful conduct towards Mr. White continued even after his termination. Sometime after Plaintiff filed for unemployment benefits, Defendant's agent, Denise Diperna, made a false complaint to the Camden Police Department alleging unlawful use of the Defendant's credit card by Plaintiff which resulted in his felony arrest which was false and baseless. Prosecution was dropped.

29. The wrongful acts committed by Defendant and its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

30. Defendant wrongfully discriminated against Plaintiff on the basis of his race, treating him differently from similarly situated non-African American Delivery Truck Drivers, and for terminating his employment on baseless claims Defendant knew to be untrue.

31. As a direct result of the unlawful actions of Defendant, Mr. White has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I – TITLE VII

32. Mr. White restates and hereby incorporates by reference paragraphs 1 through 31 hereinabove.

33. By committing the aforementioned acts, including terminating Plaintiff, Defendant has discriminated against Plaintiff based on his race in violation of 42 U.S.C. §2000e, *et seq.*

34. As a direct result of the discriminatory conduct of Defendant and its agents, Mr. White suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Mr. White demands judgment against Defendant Diperna Provisions LLC for:

    (a) Back pay, including interest;

    (b) Reinstatement, if feasible, or, in the alternative, front pay;

    (c) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    (d) Punitive damages;

    (e) Pre-judgment and post-judgment interest;

    (f) Attorney's fees and costs and;

    (g) Any other relief, whether legal or equitable, that the Court deems just and appropriate.

## COUNT II – 42 U.S.C. §1981

35. Mr. White hereby restates and incorporates by reference paragraphs 1 through 34 hereinabove.

36. By committing the aforementioned acts, including terminating Mr. White, Defendant has discriminated against Plaintiff based on his race, in violation of 42 U.S.C. §1981.

37. As a direct result of the discriminatory conduct of Defendant Provisions LLC, Mr. White has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Mr. White demands judgment against Defendant Diperna, for:

    (a) Back pay, including interest;

    (b) Reinstatement, if feasible, or in the alternative, front pay;

    (c) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    (d) Punitive damages;

    (e) Pre-judgment and post-judgment interest;

    (f) Attorney's fees; and

    (g) Any other relief whether legal or equitable, that this Court deems just and appropriate.

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____
WILLIAM D. FLETCHER, JR., ESQ.
Bar I.D. #362
DIANNA E. STUART, ESQ.
Bar I.D. # 6301
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

Dated: 11/30/21

9